IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSE SANTIBANEZ, #02212605, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 3:23-cv-00144-M (BT) |
| | § | |
| DIRECTOR, TDCJ-CID, | § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Jose Santibanez, a Texas prisoner proceeding *pro se*, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254. ECF No. 1. For the reasons below, the Court should **DENY** Petitioner's habeas application.

**Background**

A Dallas County jury found Petitioner guilty of aggravated sexual assault of a child and sentenced him to thirty-five years' imprisonment. *State of Texas v. Santibanez*, F-1875039-I (Crim. Dist. Court No. 2, July 19, 2018). The Fifth District Court of Appeals of Texas affirmed Petitioner's conviction, *see Santibanez v. State, No. 05-18-00843-CR, 2019 WL 5615150 (Tex. App. Oct. 30, 2019),* and the Texas Court of Criminal Appeals (CCA) denied his petition for discretionary relief. *Santibanez v. State*, PD-1219-19 (Tex. Crim. App. 2019).

Petitioner filed an application for state habeas relief. ECF No. 30-1 at 23. But, the CCA denied the application without written order on findings of the trial court without a hearing and on the court's independent review of the record. ECF

No. 30-1 at 50. Petitioner then filed this application for federal habeas relief under 28 U.S.C. § 2254. ECF No. 1. He also filed a memorandum in support of his application a few months later. ECF No. 15. Petitioner makes the following claims for relief:

1. Trial counsel provided ineffective assistance of counsel by failing to: a) conduct a thorough investigation; b) call defense witnesses; c) suppress the State's expert witness testimony; d) perfect a bill of exception; e) hire defense experts; f) explain to Petitioner his right to testify; and g) make several objections;

2. The trial court erred when explaining the State's burden of proof during voir dire;

3. The trial court violated his Due Process rights by requiring him to wear shackles throughout the proceedings;

4. The trial court erred by including an inapplicable jury instruction on parole law;

5. The prosecutor erred by: a) asking the jury to consider extraneous offenses in sentencing; b) urging the jury to punish Petitioner "for exercising his right to cross-examination of his accusers"; c) arguing for punishment of an offense not proven beyond a reasonable doubt; d) arguing that Petitioner was a future danger; and (e) arguing for punishment based on "community expectation";

6. His waiver of testimonial rights was not knowing and voluntary;

7. The trial court erred by failing to instruct the jury on expert witness testimony;

8. The trial court erred by allowing the State to use expert witness testimony;

9. The Texas court of appeals improperly concluded that there was sufficient evidence to support his conviction;

10. There was insufficient evidence to support the conviction; and

11. The prosecutor made improper comments during closing arguments.

ECF No. 1 at 6-7, 11-14; ECF No. 15 at 5-12.

## Legal Standards

Because the CCA denied Petitioner's claims on the merits, he must overcome the Antiterrorism and Effective Death Penalty Act of 1996's (AEDPA) relitigation bar to obtain relief. *See*, *e.g.*, *Neal v. Vannoy*, 78 F. 4th 775, 782 (5th Cir. 2023) (citations omitted). Under 28 U.S.C. § 2254(d):

(d)    An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim—

(1)    resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2)    resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

"This intentionally difficult standard stops just short of imposing a complete bar on federal court relitigation of claims already rejected in the state court proceeding." *Isidro Ramos, III v. Dir., TDCJ-CID*, 2024 WL 3614675, at *3 (W.D. Tex. July 31, 2024) (citing *Harrington v. Richter*, 562 U.S. 86, 102 (2011)) (citing, in turn, *Felker v. Turpin*, 518 U.S. 651, 664 (1996)).

Under the "contrary to" clause, a federal habeas court may grant the writ of habeas corpus if the state court arrives at a conclusion opposite to that reached by the United States Supreme Court on a question of law or if the state court decides a case differently from the United States Supreme Court on a set of materially indistinguishable facts. *Williams v. Taylor*, 529 U.S. 362, 380-84 (2000). Under the "unreasonable application" clause, a federal court may grant a writ of habeas corpus if the state court identifies the correct governing legal principle from the United States Supreme Court's decisions, but unreasonably applies that principle to the facts of the prisoner's case. *Id.*

A determination of a factual issue by a state court is presumed to be correct, and that presumption may be overcome only by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The presumption of correctness applies to both express and implied factual findings. *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004). Absent express factual findings, a federal court may imply factual findings consistent with the state court's disposition. *Marshall v. Lonberger*, 459 U.S. 422, 433 (1983).

At bottom, as long as "fairminded jurists could disagree" on the correctness of the state court's decision, a state court determination that a claim lacks merit precludes federal habeas relief. *Richter*, 562 U.S. at 101 (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). "In other words, to obtain federal habeas relief on a claim previously adjudicated on the merits in state court, petitioner must show that the state court's ruling was 'so lacking in justification that there was an

error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Ramos, III*, 2024 WL 3614675, at *3 (citing *Richter*, 562 U.S. at 103; *Bobby v. Dixon*, 565 U.S. 23, 24 (2011)).

As for which state court decision is the focus of this Court's § 2254(d) analysis, "[f]or each claim governed by AEDPA's relitigation bar, . . . [the court] must train [its] attention on the last related state-court decision that provides a relevant rationale to a particular claim." *Lucio v. Lumpkin*, 987 F.3d 451, 465 (5th Cir. 2021) (en banc) (internal citation and quotations omitted). "When a state court's denial of habeas is not explained, 'the federal court should look through the unexplained decision to the last related state-court decision that does provide a relevant rationale. It should then presume that the unexplained decision adopted the same reasoning.'" *Wooten v. Lumpkin*, ---F.4th---, 2024 WL 3964354, at *2 (5th Cir. Aug. 28, 2024) (quoting *Wilson v. Sellers*, 584 U.S. 122, 125 (2018)) (internal quotation marks omitted). If there is no reasoned state-court decision to look to, federal courts "must determine what arguments or theories supported or, . . . could have supported, the state court's decision." *Richter*, 562 U.S. at 102; *see also Wooten,* 2024 WL 3964354, at *5, n.7.

"Finally, even if a petitioner can shoehorn his claim into one of the relitigation bar's exceptions, he 'still must show, on de novo review, that he is in custody in violation of the Constitution or laws or treaties of the United States.'" *Senn v. Lumpkin*, No. 23-10661, 2024 WL 4100322, at *4 (5th Cir. Sept. 6, 2024) (citing *Langley v. Prince*, 926 F.3d 145, 156 (5th Cir. 2019) (en banc)) (quoting, in

turn, Salts v. Epps, 676 F.3d 468, 480 (5th Cir. 2012); 28 U.S.C. § 2254(a)) (quotation omitted).

## Analysis

1. <u>The CCA reasonably rejected Petitioner's ineffective assistance of counsel (IAC) claim. (Claim 1).</u>

Petitioner claims that his trial counsel was ineffective in many respects. The CCA rejected Petitioner's IAC claim based on the habeas trial court's findings and recommendations and its own review of the record. ECF No. 28-20. The habeas trial court—in addition to making more specific findings addressed below—broadly found that "Applicant has not and cannot meet his burden of proving by a preponderance of the evidence that any of Attorney Guinan's complained-of acts and/or omissions constituted deficient performance or prejudiced Applicant in any way." ECF No. 28-19 at 53. As explained, Petitioner fails to show that this determination was unreasonable.

To succeed on an IAC claim, a petitioner must show "counsel's representation fell below an objective standard of reasonableness," with reasonableness judged under professional norms prevailing at the time counsel rendered assistance. *Strickland v. Washington*, 466 U.S. 668, 688 (1984). The standard requires the reviewing court to give great deference to counsel's performance, strongly presuming counsel exercised reasonable professional judgment. *Id.* at 689. The right to counsel does not require errorless counsel; instead, a criminal defendant is only entitled to reasonably effective assistance.

*Murray v. Maggio*, 736 F.2d 279, 281-82 (5th Cir. 1984); *Boyd v. Estelle*, 661 F.2d 388, 389 (5th Cir. 1981).

Additionally, a petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. The petitioner must "affirmatively prove," not just allege, prejudice. *Id.* at 693. If he fails to prove prejudice, the court need not address counsel's performance. *Id.* at 697.

And, on federal habeas review, the Court's analysis of IAC claims is even more deferential. When the state court has adjudicated the claim on the merits, a federal court must review a petitioner's claims under the "doubly deferential" standards of both *Strickland* and § 2254(d). *See Woods v. Etherton*, 578 U.S. 113 (2016) (citing *Cullen v. Pinholster*, 563 U.S. 170, 190 (2011)). "The pivotal question is whether the state court's application of the *Strickland* standard was unreasonable. This is different from asking whether defense counsel's performance fell below *Strickland's* standard." *Richter*, 562 U.S. at 101. Federal courts consider ineffective assistance of counsel claims mixed questions of law and fact; and so must analyze them under the "unreasonable application" standard of 28 U.S.C. § 2254(d)(1). *Gregory v. Thaler*, 601 F.3d 347, 351 (5th Cir. 2010).

A.  Failure to Investigate

Petitioner claims that his trial counsel failed to "conduct a thorough investigation" and failed to investigate the State's witnesses. ECF No. 1 at 6. He

also faults his counsel for not engaging the services of a private investigator. ECF No. 1 at 11.

Petitioner's attorney submitted an affidavit to the habeas trial court, and, with respect to a failure to investigate, he stated:

a) [Petitioner] claimed trial counsel failed to conduct a proper investigation.

I thoroughly investigated but [sic] case by reviewing all the discovery of the State and then reviewing it with the defendant using my assistants as an interpreter English to Spanish. I gained access to the forensic interview and was able to review it with the Defendant with an interpreter. My assistants, Joe Vela and I tried to contact friends, family and coworkers. Many of whom could have been character or fact witness [sic] possibly but when they heard of the allegations against the defendant and based on their fears of possible deportation the [sic] refused to cooperate and appear a [sic] witnesses for the Defendant.

b) [Petitioner] claimed trial counsel failed to investigate the State's witnesses.

I obtained and reviewed all the State's evidence including all police reports, incident reports, Child Advocacy Center notes and video. Based on these sources I was able to identify and research many of the State's witnesses. I drafted and file [sic] a motion to list witnesses, a motion to disclose expert witnesses and a motion for discovery all of which were granted and information about the State's witnesses were provided to me. I was able to use this information to prepare for trial for the Defendant. I shared some of the information with Defendant and his family. I used the information to prepare for cross examination of the State's witnesses.

ECF No. 28-19 at 63.

The habeas trial court—and, by extension, the CCA—credited Petitioner's trial counsel on this issue, finding that "Attorney Guinan conducted a full and thorough investigation of Applicant's case and was familiar with the facts and the

8

law that applied thereto." ECF No. 28-19 at 54. This credibility finding is entitled to deference on federal habeas review. Petitioner can only overcome it with clear and convincing evidence, which he fails to provide. 28 U.S.C. § 2254(e)(1). Thus, accepting Petitioner's attorney's account of his investigation as true, the CCA reasonably found that Petitioner could not show ineffectiveness under *Strickland*, and Petitioner is not entitled to habeas relief on this claim.

B.  Failure to Subpoena Witnesses

Petitioner faults his counsel for not calling witnesses "that were readily available and willingly [sic] to appear" about his "character, reputation, and conduct," and an unspecified alibi. ECF No. 1 at 6; ECF No. 15 at 5; ECF No. 37 at 3.

Complaints based on uncalled witnesses are "not favored because the presentation of witness testimony is essentially strategy and thus within the trial counsel's domain, and . . . speculations as to what these witnesses would have testified is too uncertain." *Alexander v. McCotter*, 775 F.2d 595, 602 (5th Cir. 1985). To show ineffective assistance for such claims, the movant must: (1) name the witness he would have called; (2) show the uncalled witness would have been available testify; (3) show the uncalled witness would have testified; and (4) show there is a reasonable probability the uncalled witness would have provided testimony that would have made a difference in the outcome of the trial. *Bray v. Quarterman*, 265 F. App'x 296, 298 (5th Cir. 2008) (per curiam) (citing *Alexander*, 775 F.2d at 602).

Here, Petitioner names a few witnesses and claims that they would have testified. *See*, *e.g.*, ECF No. 15 at 5. But his description of the witnesses' proposed testimony is vague and conclusory. He states only that the witnesses would "testify in behalf of the [Petitioner] to the character and reputation, alibi and conduct. . . " ECF No. 37 at 3. Such vague descriptions of the proposed testimony prevent the Court from finding any prejudice from trial counsel's failure to call these witnesses. *See*, *e.g.*, *White v. Johnson*, 1997 WL 156829, at *6 (5th Cir. Mar. 21, 1997) (rejecting failure-to-call-witness claim when the petitioner's description of the uncalled witness's testimony was conclusory); *Balderas v. U.S.*, 2012 WL 3544753, at *8 (E.D. Tex. Apr. 23, 2012) ("In the present case, Balderas says only that these witnesses would have testified to his innocence and to Government misconduct in threatening them. Such allegations are conclusory, as set out in *White*."), *rec. accepted* 2012 WL 3543491 (E.D. Tex. Aug. 15, 2012).

The CCA reasonably applied *Strickland* in rejecting the failure-to-call-witnesses claim.

C. Failure to Suppress State's Expert Testimony

Petitioner complains that his trial counsel should have moved to exclude the State's expert witnesses, forensic interviewer, and therapist for vouching for the "prosecutrix," and, in the case of the expert, offering an opinion based on "child sexual abuse accommodation syndrome," which, according to Petitioner, is not a reliable theory. ECF No. 1 at 6; ECF No. 15 at 6.

On this claim, the habeas trial court found that: "[Petitioner's attorney] filed a motion under Tex. R. Evid. 702 regarding the potential testimony of any expert witness. The only expert witness called by the State was the forensic interviewer who conducted the forensic interview in which [the complainant] was interviewed. The record discloses nothing to indicate any legal grounds for suppressing the testimony of the forensic interviewer." ECF No. 28-19 at 49.

Petitioner's allegations do not call any of that into question. He presents only conclusory claims of vouching and unreliability without any facts or argument in support. *See*, *e.g.*, *Ross v. Estelle*, 694 F.2d 1008, 1011 (5th Cir. 1983) (emphasizing that "mere conclusory allegations do not raise a constitutional issue in a habeas proceeding"). He fails to show a potentially meritorious challenge to any expert testimony. The CCA reasonably applied *Strickland* in denying this claim, and Petitioner is not entitled to habeas relief on it.

D. Failure to Perfect Bill of Exception

Petitioner claims that his counsel should have perfected a bill of exception when the trial court excluded evidence about the immigration status of witnesses on cross-examination. *See* ECF No. 1 at 11; ECF No. 15 at 6; ECF No. 37 at 4.

In recommending that this claim be rejected, the habeas trial court adopted Petitioner's trial counsel's affidavit, in which he stated that he did not perfect a bill of exception because "no immigration consequences pertained to [the complainant] as a witness" and because regarding any other witness, he was "of the legal opinion that any such immigration issues would have no impact relative

11

to their testimony in light of the lack of any indication that any other witness who appeared in court had been present when [the complainant] had been alone with Applicant during the instances of the offense." ECF No. 28-19 at 49.

Again, Petitioner fails to show (a) that the habeas trial court, and, by extension, the CCA, unreasonably credited trial counsel's reason for not perfecting a bill of exception, and (b) that trial counsel's performance on this issue was ineffective considering that reasoning. The CCA reasonably applied *Strickland* in denying this claim, and Petitioner is not entitled to habeas relief on it.

### E.  Failure to Seek Expert Testimony

Petitioner claims that his trial counsel should have engaged experts to assist with his defense. ECF No. 1 at 6.

Again, to succeed on this kind of claim, Petitioner must "name the witness, demonstrate that the witness was available to testify and would have done so, set out the content of the witness's proposed testimony, and show that the testimony would have favored the defense. *Day v. Quarterman*, 566 F.3d 527, 538 (5th Cir. 2009). Petitioner provides none of that information, so the CCA reasonably applied *Strickland* in denying this claim, and Petitioner is not entitled to habeas relief on it.

### F.  Failure to Advise Regarding the Right to Testify

Petitioner claims that his attorney failed to ensure that Petitioner's waiver of the right to testify was knowing, intelligent, and voluntary. ECF No. 1 at 6. But as explained below in connection with Petitioner's claim that his waiver of

testimonial rights was involuntary and unknowing, the habeas trial court found that Petitioner's attorney adequately advised him about the waiver, and Petitioner fails to show that this finding is incorrect, so the CCA reasonably applied *Strickland* in rejecting this claim, and Petitioner is not entitled to habeas relief on it.

### G. Failure to Object

Finally, Petitioner claims that his attorney was ineffective for failing to object to the trial court's voir dire examination, the jury instructions, the use of restraints during trial, and the prosecutor's closing arguments. ECF No. 1 at 11.

As explained below in connection with Petitioner's other claims centered on these issues, any objection would have been meritless. The trial court's voir dire examination was proper; the habeas trial court found that the jury did not see Petitioner in shackles, and he has not rebutted that finding here; and the prosecutor's closing arguments were proper. The failure to raise meritless objections is not ineffective assistance. *See*, *e.g.*, *Clark v. Collins*, 19 F.3d 959, 966 (5th Cir. 1994) ("Failure to raise meritless objections is not ineffective lawyering; it is the very opposite."). Therefore, the CCA reasonably applied *Strickland* in denying this claim, and Petitioner is not entitled to habeas relief on it.

### 2. The CCA reasonably rejected Petitioner's trial court error claims (Claims 2, 4, 7-8).

Petitioner claims that the trial court erred by (a) improperly explaining the burden of proof in a criminal case; (b) including jury instructions on parole

eligibility; (c) failing to include jury instructions on expert witness testimony; and (d) allowing the State to use expert witness testimony. ECF No. 1 at 6, 7, 12.

"It is well-settled in the Fifth Circuit that a federal court "[does] not sit as super state supreme court to review error under state law."" *Reedy v. Lumpkin*, 2024 WL 3447530, at *9 (W.D. Tex. July 16, 2024) (citing *Bridge v. Lynaugh*, 838 F.2d 770, 772 (5th Cir. 1988)). A trial court error only justifies federal habeas relief if it was "so extreme that it constitutes a denial of fundamental fairness under the Due Process Clause." *Bridge*, 838 F.2d at 772. To obtain federal habeas relief, Petitioner must show that the trial court's alleged error had a "substantial and injurious effect or influence in determining the jury's verdict." *Fry v. Pliler*, 551 U.S. 112, 121-22 (2007) (citing *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993)).

A.  Explanation of the "Beyond a Reasonable Doubt" Standard

Petitioner claims that the trial court's explanation of the beyond a reasonable doubt standard during voir dire reduced the State's burden of proof. The trial court made the following statement:

> In our criminal justice system the burden of proof in a criminal case is called beyond a reasonable doubt. So I think I probably said that when I was talking about presumption of innocence, but that you have to presume the person innocent unless the State proves beyond a reasonable doubt that the person committed the offense or acts as they're alleged.
> ...
>
> So in civil court the burden of proof is what's called preponderance of the evidence, right? And what that means is, essentially, 50 percent plus a feather. So one side has to prove 50 percent plus a feather, tipping the scales just barely, that they should win, that they've proven their case or vice versa, right? And they're fighting over money.

...

That's what we're talking about in a criminal case. [The defendant's freedom]. So the burden of proof in a criminal case is the highest case burden in our criminal justice system. Beyond a reasonable doubt is the highest burden in our criminal justice system.

ECF No. 30-1 at 10-12. The Court agrees with the State that these comments contain no misstatements of law about the burden of proof. Therefore, the CCA reasonably rejected this claim, and Petitioner is not entitled to habeas relief on it.

B. Jury Instructions

Petitioner claims that the trial court erred by referencing the Texas parole law in the jury instructions and by failing to include instructions regarding the use of expert witness testimony. As for parole, the trial court gave the following instructions at sentencing:

It is also possible that the length of time for which the defendant will be imprisoned might be reduced by the award of parole.

Under the law applicable in this case, if the defendant is sentenced to a term of imprisonment, he will not become eligible for parole until the actual time served equals one-half of the sentence imposed or 30 years, whichever is less, without consideration of any good conduct time he may earn. Eligibility for parole does not guarantee that parole will be granted.

It cannot be accurately predicted how the parole law and good conduct time might be applied to this defendant if he is sentenced to a term of imprisonment, because the application of these laws will depend on decisions made by prison and parole authorities.

You may consider the existence of parole law and good conduct time. However, you are not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which the parole law may be applied to this particular defendant.

ECF No. 28-7 at 130-31.

Even assuming the instructions about parole were inappropriate, improper jury instructions in state criminal trials generally do not support federal habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991) (stating that federal habeas courts do not grant relief just because a jury charge was erroneous); *see also Galvan v. Cockrell*, 293 F.3d 760, 764 (5th Cir. 2002). The question is whether the instruction by itself so infected the entire trial that the resulting conviction violates due process, not merely whether the instruction is undesirable, erroneous, or even universally condemned. *Estelle*, 502 U.S. at 72. "It is well established that the instruction 'may not be judged in artificial isolation,' but must be considered in the context of the instructions as a whole and the trial record." *Id.* (citations omitted). "There is a strong presumption that errors in jury instructions are subject to harmless-error analysis. Therefore, even if the instruction was erroneous, if the error is harmless, habeas corpus relief is not warranted." *Princhinello v. Dir., TDCJ-CID*, 2018 WL 7628658, at *8 (S.D. Tex. Nov. 13, 2018) (citing *Galvan*, 293 F.3d at 765) (citing, in turn, *Brecht v. Abrahamson*, 507 U.S. 619, 623-24 (1993)). "In a habeas proceeding, a constitutional error is not harmless if it 'had a substantial and injurious effect or influence in determining the jury's verdict.'" *Galvan*, 293 F.3d at 765.

The Fifth Circuit faced a similar issue in *Galvan*, ultimately concluding that an inapplicable instruction about parole law, though erroneous, was harmless. The

Fifth Circuit focused on the fact that the state court instructed the jury that, while it could consider the existence of parole law, it could not consider the way it would apply to the petitioner. *Id.* at 765. The Fifth Circuit held that the charge was not prejudicial because the jury was presumed to have followed the state court's instructions not to consider the way the parole law applied. As a result, the petitioner could not show the instruction had a substantial or injurious effect on the jury's decision. *Id.*

And based on *Galvan*, at least one court in this circuit has found that instructions like those in this case, though erroneous, were harmless because the "jury was instructed not to consider the manner in which the parole law applied to Petitioner" and "[j]uries are presumed to follow the instructions given to them." *Princhello*, 2018 WL 7628658, at *8 (rejecting court error claim involving erroneous parole instructions where, as in this case, the court instructed the jury "not to consider the extent to which good conduct time may be awarded to or forfeited by this particular defendant. You are not to consider the manner in which parole law may be applied to this particular defendant").

Here, as in *Galavan* and *Prichinello*, even assuming erroneous jury instructions, because the trial court also instructed the jury not to consider the extent to which good conduct time could be awarded and how the parole law may be applied to Petitioner, any error was harmless, the CCA reasonably rejected this claim, and Petitioner is not entitled to habeas relief on it.

Next, Petitioner claims that the trial court should have given the jury instructions about expert testimony, specifically that the expert did not give reliable opinions about PTSD and child sexual abuse accommodation syndrome. *See* ECF No. 1 at 12; ECF No. 37 at 10. But Petitioner has not established the unreliability of the opinions that he attacks or shown that it would have been appropriate for the Court to opine about the testimony though jury instructions. The CCA reasonably rejected this claim.

C.  Expert Witness Testimony

Petitioner next claims that the trial court erred in allowing the State to use expert witness testimony from the forensic interviewer and a therapist with the Dallas Children Advocacy Center to opine on the victim's PTSD and child abuse accommodation syndrome. *See* ECF No. 15 at 10. Petitioner has not explained in any detail why this testimony should have been excluded. He offers only the conclusory arguments that the testimony was introduced to bolster the victim's credibility and was unreliable. ECF No. 37 at 10.

But such conclusory arguments are insufficient to warrant habeas relief. "Although pro se habeas petitions must be construed liberally, 'mere' conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *Koch v. Puckett,* 907 F.2d 524, 530 (5th Cir. 1990) (citation omitted). Accordingly, the CCA reasonably rejected this claim, and Petitioner is not entitled to habeas relief on it.

18

3.  The CCA reasonably rejected Petitioner's shackling claim (Claim 3).

Petitioner claims that his due process and equal protection rights were violated because he had to wear shackles during his trial. ECF No. 1 at 7; ECF No. 15 at 7-8.

The United States Supreme Court has held that the appearance of a defendant in shackles before a jury during a trial or the punishment phase may violate a defendant's Fifth and Fourteenth Amendment rights to due process because it "undermines the presumption of innocence and the related fairness of the factfinding process." *Deck v. Missouri*, 544 U.S. 622, 630 (2005). But brief and inadvertent exposure is not so inherently prejudicial as to require a mistrial. *See United States v. Hill*, 63 F.4th 335, 345-46 (5th Cir. 2023). A defendant must show that the shackles had "a substantial and injurious effect or influence in determining the jury's verdict." *Hatten v. Quarterman*, 570 F.3d 595, 604 (5th Cir. 2009).

The habeas trial court made the following factual findings related to this claim:

> Attorney Guinan recalls that the trial court and the court staff took extra efforts to make certain that the jurors were not made aware that Applicant was wearing ankle shackles. During the punishment phase, Applicant did testify and the trial court made certain that Applicant was seated in the witness stand before the jurors came back into the courtroom and also made certain that Applicant knew to keep his feet positioned in such a way that the jurors would not see he was wearing ankle shackles. When Applicant's punishment phase testimony was complete, the trial court made certain to send the jurors out while Applicant was still seated in the witness stand. Applicant has not shown and the record does not show that the jurors were in any way made aware that Applicant was wearing ankle shackles.

ECF No. 28-19 at 50.

These factual findings are presumed correct, and Petitioner must present clear and convincing evidence to overcome them. *See*, *e.g.*, *Miller-El v. Dretke*, 545 U.S. 231, 240 (2005) (citing § 2254(e)(1)). He fails to do that. Therefore, he fails to show that the jury knew he was in shackles or, necessarily, that the shackles affected the verdict. The CCA reasonably rejected this claim, and Petitioner is not entitled to habeas relief on it.

4. <u>The CCA reasonably rejected Petitioner's prosecutorial error claims (Claims 5, 11).</u>

Petitioner claims that the prosecution erred by making improper statements during closing arguments in both the guilt-innocence and punishment phases of the trial. ECF No. 1 at 12, 14; ECF No. 15 at 9, 12-13.

A federal habeas court must review a claim of prosecutorial misconduct in two steps. First, the court must decide whether the prosecutor made the improper remark. *United States v. Munoz*, 150 F.3d 401, 414 (5th Cir. 1998). If the prosecutor made an improper remark, the court must evaluate whether the remark affected the substantial rights of the defendant. *Id.* at 415. "With respect to the latter determination, the court asks whether the prosecutor's actions 'so infected the trial with unfairness as to make the resulting conviction a denial of due process.'" *Cameron v. Vannoy*, 2020 WL 5506415, at *15 (E.D. La. Jan. 30, 2020) (quoting *Darden v. Wainwright*, 477 U.S. 168, 181 (1986)). "A trial is fundamentally unfair if there is a reasonable probability that the verdict might

have been different had the trial been properly conducted." *Foy v. Donnelly*, 959 F.2d 1307, 1317 (5th Cir. 1992) (internal quotation marks omitted). Therefore, "the touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial, not the culpability of the prosecutor." *Smith v. Phillips*, 455 U.S. 209, 219 (1982). In Texas, the scope of proper jury argument is (1) summation of the evidence; (2) any reasonable deduction from the evidence; (3) an answer to the argument of opposing counsel; and (4) pleas for law enforcement. *Westbrook v. State*, 29 S.W.3d 103, 115 (Tex. Crim. App. 2000).

First, Petitioner complains that the prosecutor referenced an extraneous act that had not been proven beyond a reasonable doubt during its punishment argument. ECF No. 1 at 12. Specifically, the jury convicted Petitioner of aggravated sexual assault of a child by the penetration of the complainant's female sexual organ by his finger, but it declined to find that Petitioner sexually assaulted the complainant by other means. Yet the prosecutor argued that Defendant also assaulted the complainant by contact of her anus with his sexual organ. ECF No. 28-5 at 63.

Even assuming this was improper, Petitioner fails to show that it created a reasonable probability that the jury would impose a greater punishment than it would have absent the argument. Rather, the jury was instructed not to consider extraneous acts for punishment purposes unless the offense was proven beyond a reasonable doubt. ECF No. 28-7 at 131. And juries are presumed to follow such instructions. *See CSX Transp., Inc. v. Hensley*, 556 U.S. 838, 841 (2009) ("in all

cases, juries are presumed to follow the court's instructions") (citing *Greer v. Miller*, 483 U.S. 756, 766, n. 8 (1987)). Therefore, the Court cannot conclude that the remarks about unproven offenses "so infected the trial with unfairness as to make the resulting conviction a denial of due process." *Darden*, 477 U.S. at 181.

Second, Petitioner complains that the prosecutor asked the jury to punish him for "exercising his right to cross-examination of his accusers." ECF No. 1 at 12. But Petitioner fails to explain how the jury argument demeaned his right to confront witnesses against him, and it is not apparent to the Court. The CCA reasonably rejected this claim and Petitioner is not entitled to habeas relief on it.

Third, Petitioner claims that the prosecutor argued, in effect, that he was likely to commit similar crimes again, which weighed in favor of a stiffer sentence. ECF No. 1 at 12. Such an argument, however, is a plea for law enforcement, which is within the ambit of proper jury argument. *See*, *e.g.*, *Carmen v. State*, 358 S.W.3d 285, 300 (Tex. App.—Houston [1st Dist.] 2011, pet. ref'd) ("Just as it is a proper plea for law enforcement to argue the relationship between the present verdict and the deterrence of future crimes, it is also proper to argue the relationship between the present verdict and incapacitating the defendant from committing future crimes.") (citing *Meadoux v. State*, 325 S.W.3d 189, 195 (Tex. Crim. App. 2010)) ("Four goals of penal sanctions have been recognized as legitimate: retribution, deterrence, incapacitation, and rehabilitation."). The CCA reasonably rejected this claim, and Petitioner is not entitled to habeas relief on it.

Fourth, Petitioner claims that the prosecution argued for a sentence based on community expectations. ECF No. 1 at 12. On this claim, the habeas trial court specifically found that "[Petitioner] has not identified any portion of the State's punishment argument that was clearly an appeal to impose punishment based on community sentiment or expectations. Review of the State's punishment arguments discloses no such appeal for punishment to be imposed based on community sentiment or expectations." ECF No. 28-19 at 51. This Court agrees; the prosecutor did not argue for punishment based on community expectations. The CCA reasonably rejected this claim, and Petitioner is not entitled to habeas relief on it.

And finally, Petitioner claims that the prosecutor made improper comments during closing arguments of the guilt-innocence phase by appealing to the jury's outrage and requesting justice for the victim, by referencing a video of the forensic interview with the victim in violation of his rights under the Confrontation Clause and Due Process Clause, and by vouching for the victim's credibility. *See*, *e.g.*, ECF No. 1 at 14; ECF No. 15 at 12.

As to an appeal to outrage and justice for the victim, this claim is too conclusory to warrant relief. Petitioner never explains what part of the jury argument he is talking about and why it falls outside of proper jury argument. As to the forensic interview video, as the habeas trial court found, "[t]he motion in limine [regarding the forensic interview recording] was not violated in front [sic] the jury and no material references to the content of the recording of the forensic

23

interview was made in front of the jurors." ECF No. 28-19 at 51. Regarding vouching, review of the trial transcript does not show any. The test for improper vouching for the credibility of a witness is "whether the prosecutor's expression might reasonably lead the jury to believe that there is other evidence, unknown or unavailable to the jury, on which the prosecutor was convinced of the accused's guilt." *United States v. Ellis*, 547 F.2d 863, 869 (5th Cir. 1977) (quoting *McMillian v. United States*, 363 F.2d 165, 169 (5th Cir. 1966)). Here, as much as the prosecutor argued for the jury to find the victim credible, it stemmed from Petitioner's counsel's argument that the victim was not credible and was therefore proper jury argument. ECF No. 28-5 at 15-36; *see also United States v. Dorr*, 636 F.2d 117, 120 (5th Cir. Unit A Feb. 1981) ("The prosecutor may . . . present what amounts to a bolstering argument if it is specifically done in rebuttal to assertions made by defense counsel in order to remove any stigma cast upon him or his witnesses.").

In sum, the CCA reasonably rejected Petitioner's prosecutorial misconduct claims, and he is not entitled to habeas relief on them.

5. <u>The CCA reasonably found that Petitioner knowingly, intelligently, and voluntarily waived his right to testify (Claim 6).</u>

Petitioner claims that his waiver of the right to testify was not knowing and intelligent because, although his attorney advised him of his right to testify, he was unaware that he could be convicted based solely on the complainant's testimony. ECF No. 1 at 12; ECF No. 15 at 9-10.

"A criminal defendant has a constitutional right to testify on his own behalf." *Emery v. Johnson*, 139 F.3d 191, 198 (5th Cir. 1997) (citing *Rock v. Arkansas*, 483 U.S. 44, 49–53 (1987)). "This right can be waived only by the defendant, not by his counsel." *Id.* (citation omitted). "A waiver of this right must be knowing and voluntary." *Id.* (citation omitted). As for this claim, the habeas trial court found that:

> Attorney Guinan consulted with Applicant multiple times regarding the law establishing that Applicant had the right to testify and the right not to testify. Applicant was informed of his testimonial rights on the record. Applicant made the choice on the record to exercise his Fifth Amendment right to remain silent. Nothing in the record shows that Applicant's decision to exercise his testimonial rights in the way Applicant did so exercise them was less than intelligent, knowing, and voluntary on Applicant's part.

ECF No. 28-19 at 48.

And Petitioner has not shown here how any of that is incorrect. He fails to show that the factual findings underlying the conclusion of voluntariness and intelligence—that his attorney consulted him about his right to testify and that he was informed of his testimonial rights on the record—are wrong. And based on those findings, the CCA reasonably determined that Petitioner's waiver of testimonial rights was constitutionally valid. Petitioner provides no authority for his argument that a waiver of testimonial rights is unknowing and unintelligent if the defendant is not advised that he can be convicted based on the complainant's testimony. Nor has the Court located any. The CCA reasonably rejected this claim, and Petitioner is not entitled to habeas relief on it.

6. <u>The CCA reasonably found that the evidence was sufficient to support the conviction (Claims 9-10).</u>

Petitioner claims that there was insufficient evidence to support his conviction. ECF No. 1 at 13-14; ECF No. 15 at 11-12.

To determine whether there was sufficient evidence to support a conviction, a federal habeas court must ask whether, "after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of a crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979). "In conducting that review, a federal habeas corpus court may not substitute its view of the evidence for that of the fact finder, but must consider all of the evidence in the light most favorable to the verdict." *Caldwell v. Thaler*, 770 F. Supp. 2d 849, 861 (S.D. Tex. 2011) (citing *Weeks v. Scott*, 55 F.3d 1059, 1061 (5th Cir. 1995)). And "[i]t is the sole province of the jury, and not within the power of this Court, to weigh conflicting evidence and evaluate the credibility of the witnesses." *United States v. Millsaps*, 157 F.3d 989, 994 (5th Cir. 1998) (internal quotation marks and citation omitted). Finally, because the Fifth Court of Appeals of Texas issued "the last reasoned opinion" on this claim, the Court reviews that decision's application of these principles under § 2254(d). *See Langley v. Prince*, 926 F.3d 145, 158 (5th Cir. 2019) ("What matters is the last reasoned state court decision found it persuasive.") (citing *Wilson*, 584 U.S. at 124) (explaining that federal habeas review of a state conviction "is a straightforward

inquiry when the last state court to decide a prisoner's federal claim explains its decision on the merits in a reasoned opinion").

The state appellate court provided the following analysis of Petitioner's insufficiency of the evidence claim:

> In his first issue, appellant argues the evidence is insufficient to support his conviction because the State failed to prove any particular time appellant committed sexual assault, and complainant only testified in general terms about the allegations. The State admits complainant could not provide specific dates of the sexual abuse; however, she testified in detail about the abuse and other witness testimony corroborated her allegations thereby providing sufficient evidence to support the conviction.
>
> ...
>
> A person commits aggravated sexual assault of a child if a person intentionally or knowingly causes the penetration of the female organ of a child by any means, and the child is younger than fourteen years of age. *See* TEX. PENAL CODE ANN. § 22.021(a)(1)(B)(i). The testimony of a child victim alone is sufficient to support a conviction. *See* TEX. CODE CRIM. PROC. ANN. Art. 38.07(a); *Lee v. State*, 186 S.W.3d 649, 655 (Tex. App.—Dallas 2006, pet. ref'd).
>
> A rational jury could have found the essential elements of the crime beyond a reasonable doubt. Complainant's testimony supports the charge in the indictment, which tracked the statutory language of the penal code. *See* TEX. PENAL CODE ANN. § 22.021(a). She described what appellant wore during the touching, how he touched her, and where in the bedroom it occurred. Her description of what happened did not need to be precise, and she was not expected to express herself at the same level of sophistication as an adult. *See Soto v. State*, 267 S.W.3d 327, 332 (Tex. App.—Corpus Christi 2008, no pet.). "As long as a child communicates to the factfinder that the touching occurred on a part of the body *within the definition of the statute, the evidence is sufficient.*" *Jones v. State*, 428 S.W.3d 163, 169 (Tex. App—Houston [1st Dist.] 2014, no pet.); *see also Lee*, 186 S.W.3d at 655 (child testimony alone is sufficient to support conviction).
>
> In addition to complainant's testimony, the jury heard from Martinez, who said complainant described the abuse during a forensic

interview. To the extent complainant gave conflicting testimony and repeatedly testified she could not remember certain details, the jury assessed her credibility and found in favor of the state. *See Jackson, 443 U.S. at 319.*

Appellant further challenges complainant's inability to provide temporal specificity of the sexual abuse. Nevertheless, appellant acknowledges the State is not required to allege a specific date in the indictment. *See Sledge v. State, 953 S.W.2d 253, 255 (Tex. Crim. App. 1997)* (en banc). It is well-settled the "on or about" language of an indictment allows the State to prove a date other than the one alleged in the indictment as long as the date is anterior to the presentment of the indictment and within the statutory limitation period. *Id. at 256.* Here, the indictment alleged appellant committed the sexual act "on or about the 19th day of November, 2017." The presentment date was February 15, 2018. There is no statute of limitations for aggravated sexual assault of a child. *See TEX. CODE CRIM. PROC. ANN. Art. 12.01(1)(B).* Therefore, the State was required to prove the sexual act occurred before February 15, 2018.

Martinez explained to the jury that children struggle to pinpoint exact dates. Instead of asking date and time questions, she sometimes uses holidays, such as Halloween, Thanksgiving, and Christmas to find out if the abuse happened before or after a holiday.

During the forensic interview, complainant said appellant touched her during Christmas break and before Halloween. Complainant lived with appellant during this time, and Mother recalled leaving complainant with appellant around October 31, 2017. Although complainant could not provide specific incidents and dates, Martinez established a timeline by asking complainant her age when the abuse started (she said seven) and ended (she said eight). Complainant turned eight on December 12, 2017. The State asked Martinez, "So just to be clear, that the time span that she gave you was some time before Halloween and sometime during the Christmas break?" and Martinez answered, "Correct." Thus, viewed in the light most favorable to the verdict, a rational jury could have found appellant abused complainant prior to presentment of the indictment and within the statute of limitations.

*Santibanez, 2019 WL 5615150, at *1-3.*

The state appellate court's reasoning adhered to *Jackson* and was neither an unreasonable application of, nor contrary to, clearly established federal law. Therefore, the CCA reasonably rejected Petitioner's insufficiency-of-the-evidence claim, and he is not entitled to habeas relief on it.

### Recommendation

The Court should deny Petitioner Jose Santibanez's federal habeas application.

SO RECOMMENDED September 24, 2024.

REBECCA RUTHERFORD
UNITED STATES MAGISTRATE JUDGE

INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n, 79 F.3d 1415, 1417 (5th Cir. 1996)*.

29